Daisy A. **BURRIS**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

Caspar **WEINBERGER**, Secretary, United States Department of Health, Education, and Welfare, Defendant.

No. 74–345–Civ–J–R.

United States District Court, M. D. Florida, Jacksonville Division.

Nov. 27, 1974.

Alan A. Alop, and Steven M. Goldstein, Duval County Legal Aid Association, Jacksonville, Fla., for plaintiff.

Manny H. Smith, Supervisory Atty., Dept. of Health, Education and Welfare, Baltimore, Md., Peter L. Dearing, Asst. U. S. Atty., Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

REED, District Judge.

This cause came on for a hearing on the 19th day of November 1974 on the plaintiff's motion for a preliminary injunction filed herein on 4 November 1974. On the basis of the pleadings, the testimony presented, the affidavit submitted in support of the motion, and argument of counsel, the Court makes the following:

### Findings of Fact

1. Subchapter XVI of Chapter 7, Title 42, United States Code, as amended by Public Law 92–603, created a national welfare system for the distribution of benefits known as Supplemental Security Income. The administration of the program was committed by law to the Secretary of Health, Education, and Welfare, the defendant herein.

2. The benefits of the program in general inure to every ". . . aged, blind, or disabled individual . . ." who is determined by the Secretary to be eligible. Thus, in order to qualify for SSI benefits, one must be either aged, blind, or disabled and meet an income and resources requirement provided in the statute.

3. The evidence before the Court on the motion for preliminary injunction presents an issue with respect to only one category of beneficiary—the disabled individual.

4. Under Section 1382c(a)(3), Title 42, United States Code, the qualifications which one must display as a condition to entitlement to benefits as a disabled individual are specified in subsections (A) through (D). Subsection (E), however, creates a class the members of which are entitled to disability benefits without regard to the limitations of subsections (A) through (D). Subsection (E) brought within the plan on its effective date, 1 January 1974, any person who, prior to July 1973, was a permanently and totally disabled individual as defined in a qualified "State Plan," and who had received aid under such plan in December of 1973, and who was otherwise eligible for SSI benefits.

5. Section 1382c(a)(3) made no provision for extending automatic coverage under the federal plan to those persons who qualified for disability benefits under state plans after June 1973 and who remained so qualified under such plan in December of 1973. One of such persons is Cordia Skipper. The facts of her situation reflect the treatment given by the defendant to all persons who fall in the class described in the first sentence of this paragraph.

6. In order to avoid a lapse in the payment of disability benefits to Cordia Skipper and other persons similarly situated, the Secretary in reliance on Section 1383(4), Title 42 United States Code, has treated such individuals as disabled individuals for purposes of the federal program without making a prepayment determination of whether such persons actually meet the federal criteria for disability delineated in Section 1382c(a)(3)(A) through (D). Thus, Cordia Skipper and others falling into the class mentioned in the first sentence of paragraph 5 above were presumed disabled for purposes of SSI disability benefits and have been paid such benefits on the basis of such presumption without an actual assessment of disability under the federal standards.

7. Because Section 1383, Title 42, United States Code, which was effective 1 January 1974, and Public Law 93–256, 88 Stat. 52, which was effective 28 March 1974, limit to three and twelve months respectively the number of months in which disability benefits may be paid on the basis of a presumptive disability without an actual determination of disability, the Secretary has undertaken to review the eligibility of those persons who have received benefits on the basis of a presumed disability and has terminated such benefits with respect to persons found not "disabled" under the federal standards referred to in paragraph 4 above.

8. The testimony of Emory Reaser, Jr., the Assistant District Manager of the SSI program for Duval County, Florida, and the facts provided by Cordia Skipper's affidavit demonstrate that such terminations have been accomplished by the defendant without a pre-termination hearing.

9. The pertinent regulation relied on by the Secretary, 20 CFR § 416.1321, provides:

"(c) *Actions which are not suspensions.* Payments are not 'suspended,' but the claim is disallowed, when it is found that:

(4) Payments were made to an individual presumed to be disabled and such disability is not established.

 ＊　　＊　　＊　　＊　　＊　　＊"

10. The evidence before the Court in connection with the motion for preliminary injunction does not indicate that any category of SSI beneficiary is subject to termination of benefits without a prior hearing, other than the category which is exemplified by Cordia Skipper and is described in the first sentence of paragraph 5 above. The Court, however, does not at this point find that no such category exists.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter of the action by virtue of Section 1361, Title 28, United States Code. The undersigned agrees with the analysis of the issue of jurisdiction in the case of Brown v. Weinberger, 382 F.Supp. 1092, D.C.Md., 1974, and adopts the same by reference.

2. The issue presented by the motion for preliminary injunction is whether or not the defendant should be temporarily enjoined from terminating payments of disability benefits to those persons who, like Cordia Skipper, have received disability benefits under the SSI program solely on the basis of a presumed disability, unless the Secretary first affords such recipient a hearing on the issue of whether or not such benefits should be terminated.

3. The defendant, by denying a pre-termination hearing to Cordia Skipper, denied to her procedural due process guaranteed by the Fifth Amendment to the Constitution.

In Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, 1970, the Supreme Court held that Fourteenth Amendment due process required that the recipient of state welfare benefits be afforded a hearing meeting certain reasonable criteria, before his benefits could be terminated. The defendant herein attempts to distinguish Goldberg v. Kelly on the ground that the welfare recipient had in fact qualified under the state plan prior to the termination of his benefits whereas Cordia Skipper and others similarly situated were only presumptively qualified and had not actually established by application to the defendant a disability meeting federal standards. True enough this is a distinction, but inasmuch as the defendant relied on the presumption of disability as a basis on which to pay SSI benefits, the distinction lacks sufficient factual content to warrant a result different than that reached in Goldberg v. Kelly. The same critical factors that motivated the result in Goldberg v. Kelly are equally present here. The Court's opinion enunciated them as follows:

". . . But we agree with the District Court that when welfare is discontinued, only a pre-termination evidentiary hearing provides the recipient with procedural due process. . . . For qualified recipients, welfare provides the means to obtain essential food, clothing, housing, and medical care. . . . Thus the crucial factor in this context—. . . is that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. . . ." (p. 264, 90 S.Ct. p. 1018)

 ＊　　＊　　＊　　＊　　＊　　＊

". . . Thus, the interest of the eligible recipient in uninterrupted re-

ceipt of public assistance, coupled with the State's interest that his payments not be erroneously terminated, clearly outweighs the State's competing concern to prevent any increase in its fiscal and administrative burdens. . . ." (p. 266, 90 S.Ct. p. 1019)

4. Cordia Skipper and others similarly situated should not be deprived of SSI disability benefits paid solely on the basis of a presumed disability, without prior notice and an evidentiary hearing comformable to the standards in Goldberg v. Kelly. To do so is to inflict irreparable injury without procedural due process. As to these propositions, no substantial constitutional question exists, the matter having been previously determined.